Kerry S. Doyle
Cal. Bar No. 268440
Doyle Law Office, PLLC
8755 Technology Way, Ste. I
Reno, NV 89521
Tel.: (775) 525-0889
Fax: (775) 229-4443
kerry@rdoylelaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKY D. SHADOW, on behalf of herself and all other similarly situated consumers,<br><br>        Plaintiff,<br><br>    vs.<br><br>GLOBAL CREDIT & COLLECTIONS CORP.,<br><br>        Defendant. | Case No.: 15-cv-9219<br><br>CLASS ACTION COMPLAINT |

Plaintiff, Sky Shadow, on behalf of herself (hereinafter "Plaintiff"), and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Defendant, Global Credit & Collection Corp. (hereinafter "Defendant"), as follows:

/ / /

/ / /

COMPLAINT AND DEMAND FOR JURY TRIAL

- 1 -

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k (d).

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Littlerock, California, 93543, Los Angeles County and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of Colorado, with its corporate address as 5440 N Cumberland Avenue, Suite 300, Chicago, IL 60656-1490, and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about March 10, 2015, Defendant sent Plaintiff the letter attached as Exhibit A.

7. Exhibit A sought to collect a purported credit card debt incurred for personal, family or household purposes and not for business purposes.

8. If the debt is owed at all, it was incurred prior to March 10, 2011.

9. Defendant regularly seeks to collect credit card bills.

10. The statute of limitations on a credit card debt in California is four (4) years.

11. Defendant regularly attempts to collect debts on which the statute of limitations has expired.

12. Nothing in Exhibit A disclosed that the debts were barred by the statute of limitations.

13. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

14. The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.

*United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC,* Case No. 8:12-cv-182-T-27EAJ (M.D.Fla.).

## CLASS ACTION ALLEGATIONS

### The Class

15. Plaintiff brings this as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of herself and all others similarly situated who have received similar debt collection letters from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint ( "Class").

16. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

17. Upon information and belief, Defendant has sent dunning letters to hundreds if not thousands of consumers throughout the United States, each of which fails to contain language required by the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

18. Dunning letters sent from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

19. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the members of the Class is a matter capable of ministerial determination from Defendant's records.

### **Common Questions of Law and Fact**

20. There are questions of law and fact common to the class that predominate over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### **Typicality**

21. Plaintiff's claims are typical of the claims of the members of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

22. Plaintiff will fairly and adequately represent the Class members' interests in that Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the Class Action as sought herein.

### Proceeding Via Class Action is Superior and Advisable

23. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§1692(k).

24. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a Class Action.

25. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

26. A Class Action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

27. Absent a Class Action, the members of the Class will continue to suffer losses borne from Defendant's breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

28. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq*

29. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

30. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on timebarred debts without disclosure of that fact.

31. Section 1692e provides:

§ 1692e. False or misleading representations [Section 807 of P.L.]

COMPLAINT AND DEMAND FOR JURY TRIAL

- 7 -

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
> **(2) The false representation of—**
>   **(A) the character, amount, or legal status of any debt; . . .**
> **(5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

32. Section 1692f provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, Plaintiff, Sky Shadow, respectfully requests that this Court do the following for the benefit of Plaintiff:

a. Enter a judgment against Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Enter judgment against Defendant for statutory damages, 15 U.S.C. § 1692k(a)(2)(A) and (B), in the amount of $1,000.00;

c. Award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)3;

d. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

                                      RESPECTFULLY SUBMITTED,

Dated: November 30, 2015        /S/ Kerry Doyle, Esq.
                                      Kerry Doyle, Esq.
                                      Doyle Law Office, PLLC
                                      8755 Technology Way, Suite 1
                                      Reno, Nevada 89521
                                      (P) (775) 525-0889
                                      (F) (775) 229-4443
                                      Kerry@rdoylelaw.com
                                      Attorney for Plaintiff